| Fill in this information to identify the case |
|---|
| Debtor 1 RICKEY PATTON |
| Debtor 2 RENA PATTON (Spouse, if filing) |
| United States Bankruptcy Court for the: NORTHERN District of Texas Case number 19-20148-RLJ-7 |

Official Form 427

# Cover Sheet for Reaffirmation Agreement

12/15

Anyone who is party to a reaffirmation agreement may fill out and file this form. Fill it out completely, attach it to the reaffirmation agreement, and file the documents within the time set under Bankruptcy Rule 4008.

| Part 1: | Explain the Repayment Terms of the Reaffirmation Agreement | | |
|---|---|---|---|
| 1. Who is the creditor? | FORD MOTOR CREDIT COMPANY LLC<br>Name of the creditor | | |
| 2. How much is the debt? | On the date that the bankruptcy case is filed | $35,110.00 | |
| | To be paid under the reaffirmation agreement | $35,110.00 | |
| | $637.06 due on June 9, 2019, then $675.94 per month for 51 months starting July 9, 2019 | | |
| 3. What is the Annual Percentage Rate (APR) of interest? (See Bankruptcy code § 524(k)(3)(E).) | Before the bankruptcy case was filed 0.00%<br><br>Under the reaffirmation agreement 0.00% | [X] Fixed rate<br>[ ] Adjustable rate | |
| 4. Does collateral secure the debt? | [ ] No<br>[X] Yes. Describe the collateral. 2017 Ford Explorer<br>Current market value $25,250.00 | | |
| 5. Does the creditor assert that the debt in nondischargeable? | [X] No<br>[ ] Yes. Attach an explanation of the nature of the debt and the basis for contending that the debt is nondischargeable. | | |
| 6. Using information from Schedule I: Your Income (Official Form 106I) and Schedule J: Your Expenses (Official Form 106J), fill in the amounts. | Income and expenses reported on Schedule I and J | Income and expenses stated on the reaffirmation agreement | |
| | 6a. Combined monthly income from Line 12 of Schedule I $5965.66 | 6e. Monthly income from all sources $5965.66<br>After payroll deductions | |
| | 6b. Monthly expenses from line 22c of Schedule J $4337.00 | 6f. Monthly expenses $4337.00 | |
| | 6c. Monthly payments on all reaffirmed debts not listed on Schedule J $ -0- | 6g. Monthly payments on all reaffirmed Debts not included in monthly expenses $ -0- | |
| | 6d. Scheduled net monthly income Subtract lines 6b and 6c from 6a. If the total is less than 0, put the number in brackets. $1628.66 | 6h. Present net monthly income Subtract lines 6f from 6e. If the total is less than 0, put the number in brackets. $1628.66 | |

Official Form 427        Cover Sheet for Reaffirmation Agreement        Page 1

Account No. Ending In: 5952      1702-36547-483330

Debtors  RICKEY & RENA PATTON    Case number (If known) 19-20148-RLJ-7

| | |
|---|---|
| 7. Are the income amounts on lines 6a and 6e different? | ☒ No<br>☐ Yes. Explain why they are different and complete line 10. _____ |
| 8. Are the expense amounts on line 6b and 6f different? | ☒ No<br>☐ Yes. Explain why they are different and complete line 10. _____ |
| 9. Is the net monthly income in line 6h less than 0? | ☒ No<br>☐ Yes. A presumption of hardship arises (unless the creditor is a credit union). Explain how the debtor will make monthly payments on the reaffirmed debt and pay other living expenses. |
| 10. Debtor's certification about lines 7-9<br><br>If any answer on lines 7-9 is Yes, the debtor must sign here.<br><br>If all the answers on lines 7-9 are No, go to line 11. | I certify that each explanation on lines 7-9 is true and correct.<br><br>X_____        X_____<br>Signature of Debtor 1                     Signature of Debtor 2 (Spouse Only in a Joint Case) |
| 11. Did an attorney represent the debtor in negotiating the reaffirmation? agreement? | ☐ No<br>☒ Yes. Has the attorney executed a declaration or an affidavit to support the reaffirmation agreement?<br>   ☐ No<br>   ☒ Yes |

**Part 2:    Sign Here**

Whoever fills out this form must sign here:  I certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this *Cover Sheet for Reaffirmation Agreement.*

X __[signature]_____     Date __7/22/19__
Signature                                                    MM/DD/YYYY

__Stephen Wilcox_____
Printed Name

Check one:

☐ Debtor or Debtor's Attorney
☒ Creditor or Creditor's Attorney

398041

Page 2

Account No. Ending In: 5952     1702-36547-483330

Stephen G. Wilcox
State Bar Number 21454300
Wilcox Law, PLLC
P.O. Box 201849
Arlington, TX 76006
(817) 870-1694 Telephone
(817) 870-1181 Facsimile
swilcox@wilcoxlaw.net
ATTORNEY FOR FORD MOTOR CREDIT COMPANY LLC

☐ **Presumption of Undue Hardship**
☒ **No Presumption of Undue Hardship**
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

In Re: RICKEY & RENA PATTON  §  Case No. 19-20148-RLJ-7
 §  Account No. ending in 5952

## REAFFIRMATION AGREEMENT

*[Indicate all documents included in this filing by checking each applicable box]*

☑ Part A: Disclosures, Instructions, and Notice to Debtor (Pages 1 - 5)
☑ Part B: Reaffirmation Agreement
☑ Part C: Certification by Debtor's Attorney
☑ Part D: Debtor's Statement of Support of Reaffirmation Agreement

*[File Part E only if debtor was not represented by an attorney during the course of negotiating this agreement.]*

☐ Part E: Motion for Court Approval
☐ Proposed Order On Reaffirmation

**Name of Creditor:** Ford Motor Credit Company LLC
☐ *[Check this box if]* Creditor is a Credit Union as defined in § 19(b)(1)(a)(iv) of the Federal Reserve Act

**PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR**

**1. DISCLOSURE STATEMENT**

Date of Disclosure: May 16, 2019

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures*:

**SUMMARY OF REAFFIRMATION AGREEMENT**
This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

The amount of debt you have agreed to reaffirm: $35,110.00

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

Account No. Ending In: 5952    1702-36547-483330    Page 1

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (i) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

(i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: <u>0.00</u>%.

— *And/Or* ---

(ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: <u>0.00</u>%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are: N/A

**Simple Interest Contract Disclosure:** Please review your credit agreement for an explanation on how early or late payments effect the amount of interest due on your credit agreement.

If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| Motor Vehicle Make/Model/Year: <u>2017 Ford Explorer</u><br>Vehicle Identification Number <u>1FM5K7DH4HGD53669</u> | $<u>40,578.73</u> |

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 1 | $637.06 | June 9, 2019 |
| 51 | $675.94 | Monthly starting July 9, 2019 |
|  |  |  |

**Simple Interest Contract Disclosure**: Your credit agreement is a simple interest contract. Please review your credit agreement for an explanation on how early or late payments effect the amount of interest due on your credit agreement.

Account No. Ending In: 5952    1702-36547-483330    Page 2

**2. INSTRUCTIONS AND NOTICE TO DEBTOR(S)**

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. If you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interest, except that no court approval is required if your reaffirmation is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

**YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT.** You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

**WHAT ARE YOUR OBLIGATIONS IF YOU REAFFIRM THE DEBT?** A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

**ARE YOU REQUIRED TO ENTER INTO A REAFFIRMATION AGREEMENT BY ANY LAW?** No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

**WHAT IF YOUR CREDITOR HAS A SECURITY INTEREST OR LIEN?** Your bankruptcy discharge does not eliminate any lien on your property. A 'lien' is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the security property if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you make a single payment to the creditor equal to the current value of the security property, as agreed by the parties or determined by the court.

**NOTE:** When this disclosure refers to what a creditor 'may' do, it does not use the word 'may' to give the creditor specific permission. The word 'may' is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

**PART B: REAFFIRMATION AGREEMENT**

I (we) (hereinafter "I" shall refer to debtor and joint debtor, if any) agree to reaffirm the debts arising under the credit agreement described below.

---

**1. BRIEF DESCRIPTION OF CREDIT AGREEMENT:**

Retail Installment Contract dated: <u>August 25, 2017</u>, with account no. ending in: <u>5952</u>, and written amendments and extensions thereof entered into prior to the date the bankruptcy petition was filed.

Motor Vehicle Make/Model/Year: <u>2017 Ford Explorer</u>   Vehicle Identification Number: <u>1FM5K7DH4HGD53669</u>

---

I agree to be bound by all the terms and conditions of the credit agreement, which is hereby incorporated by reference. I agree to the "ANNUAL PERCENTAGE RATE" disclosed in the PART A: DISCLOSURE STATEMENT. I agree to pay the "AMOUNT REAFFIRMED" disclosed in the PART A: DISCLOSURE STATEMENT. I agree to make monthly payments described in the REPAYMENT SCHEDULE disclosed in the PART A: DISCLOSURE STATEMENT each month until the debt has been satisfied. If the Creditor has agreed to any changes to the credit agreement as part of this Reaffirmation Agreement, such changes are listed below:

**Description of any changes to the credit agreement made as part of this reaffirmation agreement: NONE. DEBTOR AGREES THAT ANY RESCISSION OF THIS REAFFIRMATION AGREEMENT MUST BE IN WRITING AND FILED WITH THE COURT. DEBTOR AGREES TO MAIL TO CREDITOR ANY NOTICE OF RESCISSION TO THE CREDITOR AT THE FOLLOWING ADDRESS:**
Wilcox Law, P.L.L.C.
P.O. Box 201849
Arlington, TX 76006

SIGNATURE(S):

Borrower:

*Rena L. Patton*
(Print Name)

*Rena L. Patton* (Signature)

Date: 7/9/2019

Co-borrower, if also reaffirming these debts:

_____
(Print Name)

_____
(Signature)

Date: _____

Accepted by creditor:

(address for Creditor for sending bankruptcy notice):
Ford Motor Credit Company LLC
c/o Wilcox Law, PLLC
P.O. Box 201849
Arlington, TX 76006
***The above address is not a payment address**

_____
(Signature)
Stephen Wilcox, Atty for FMC
(Printed Name and Title of Individual Signing for Creditor)
7/22/19
Date of Creditor Acceptance

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: _Troy Brumbeloe_ (signature overlay)

Signature of Debtor's Attorney: _____

Date: 7/9/19

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete sections 1 and 2. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 **and** your income less your monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship."]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 5965.66 , and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 3661.06 , leaving $ 2,304.60 to make the required payments on this reaffirmed debt.
I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here:

_____
_____
_____
_____
_____

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: *[signature]*   Date: 7/9/2019
(Debtor)

Signed: _____   Date: _____
(Joint Debtor, if any)

Account No. Ending In: 5952    1702-36547-483330                                    Page 7

**PART E: MOTION FOR COURT APPROVAL**
*[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement.]*

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

In Re: RICKEY & RENA PATTON § Case No. 19-20148-RLJ-7
§ Chapter 7

**MOTION FOR APPROVAL OF REAFFIRMATION AGREEMENT**

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

_____
_____
_____.

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions (*check all applicable boxes*):

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed:_____
(Debtor)


_____
(Joint Debtor, if any)

Date: _____

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

In Re: RICKEY & RENA PATTON  §  Case No. 19-20148-RLJ-7
§  Chapter 7

## ORDER APPROVING REAFFIRMATION AGREEMENT

The Debtor(s), Rickey & Rena Patton, have filed a motion for approval of the reaffirmation agreement dated _____ made between the Debtor(s) and Ford Motor Credit Company LLC  The court held the hearing required by 11 U.S.C. § 524(d) on notice to the Debtor(s) and the Creditor on _____.

COURT ORDER:
☐ The court grants the debtor's motion under 11 U.S.C. § 524(c)(6)(A) and approves the reaffirmation agreement described above as not imposing an undue hardship on the debtor(s) or a dependent of the debtor(s) and as being in the best interest of the debtor(s).

☐ The court grants the debtor's motion under 11 U.S.C. § 524(k)(8) and approves the reaffirmation agreement described above.

☐ The court does not disapprove the reaffirmation agreement under 11 U.S.C. § 524(m).

☐ The court disapproves the reaffirmation agreement under 11 U.S.C. § 524 (m).

☐ The court does not approve the reaffirmation agreement.

IT IS SO ORDERED.

#### END ORDER #####

## TEXAS MOTOR VEHICLE RETAIL INSTALLMENT SALES CONTRACT

Date: 08/25/2017

| BUYER | RENA PATTON |
|---|---|
| ADDRESS | 20251 RAINTREE LN |
| CITY | Canyon  STATE TX  ZIP 79015 |
| PHONE | |
| CO-BUYER | N/A |
| ADDRESS | N/A |
| CITY | N/A  STATE N/A  ZIP N/A |
| PHONE | N/A |

| SELLER/CREDITOR | Amarillo I-40 Motors, LP |
|---|---|
| ADDRESS | 1900 EAST INTERSTATE HIGHWAY 40 |
| CITY | AMARILLO |
| STATE | TX  ZIP 79103 |
| PHONE | (806) 376-4911 |

The Buyer is referred to as "you" or "your". The Seller/Creditor is referred to as "we", "us" or "Creditor". This contract may be transferred by the Seller.

**PROMISE TO PAY**

The credit price is shown below as the "Total Sale Price". The "Cash Price" is also shown below. By signing this contract, you choose to purchase the motor vehicle on credit according to the terms of this contract. You agree to pay us the Amount Financed, Finance Charge and any other charges in this contract. You agree to make payments according to the Payment Schedule in this contract. If more than one person signs as a buyer, you agree to keep all of the promises in this agreement even if the others do not.
You have thoroughly inspected, accepted and approved the motor vehicle in all respects.

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE  The cost of your credit as a yearly rate. | FINANCE CHARGE  The dollar amount the credit will cost you. | Amount Financed  The amount of credit provided to you or on your behalf. | Total of Payments  The amount you will have paid when you have made all scheduled payments. | Total Sale Price  The total cost of your purchase on credit, including your downpayment of $ 0.00 |
|---|---|---|---|---|
| 0.00 % | $ 0.00 | $ 48,667.68 | $ 48,667.68 | $ 48,667.68 |

1-800-727-7000

Ford | FORD CREDIT

Ford Motor Credit Company LLC

**Your Payment Schedule will be:**

| Number of Payments | Amount of Payments | When Payments are Due  Monthly unless otherwise checked  ☐ Semi-Annually  ☐ Annually |
|---|---|---|
| 72 | $ 675.94 | Starting: 10/09/2017 |
| | | |
| | | |

**Prepayment**: If you pay off your debt early, you will not have to pay a penalty.
**Late Payment**: You must pay a late charge on the portion of each payment received more than fifteen days late. The charge is 5% of the late amount.
**Security Interest**: You are giving a security interest in the motor vehicle being purchased.
**Contract**: Please see this contract for additional information on security interest, nonpayment, default, the right to require repayment of your debt in full before the scheduled date, and prepayment penalty.

**BALLOON CONTRACT PROVISIONS**
☐ Your last installment payment under this contract is a balloon payment.

**EXCESS WEAR, USE AND MILEAGE CHARGES**
If the box directly above is checked, this section, Paragraph B, and Paragraph C of this contract apply. You may be charged for excessive wear based upon our standards for normal use. If you exercise the option to transfer ownership of the vehicle to Creditor under Paragraph B, you must pay the Creditor $0. N/A per mile for each mile in excess of N/A miles shown on the odometer.

**EXTRA MILEAGE OPTION CREDIT**
If this contract contains a balloon payment (as indicated above), and you have exercised your option to transfer ownership of the vehicle to the Creditor under Paragraph B, this paragraph applies to your contract. At the scheduled end of this contract, You will receive a credit of $0. N/A per unused mile for the number of unused miles between N/A and N/A miles, less any amounts You owe under this contract. You will not receive any credit if the vehicle is destroyed, this contract ends early, or you are in default. You will not receive any credit if the credit is less than $1.00.

**The Annual Percentage Rate may be negotiated with the Seller. The Seller may assign this contract and may retain its right to receive a portion of the Finance Charge.**

e-17642-SI (APR 17)
e-17642-B-SI                                    Page 1 of 7

**MOTOR VEHICLE INDENTIFICATION**

| New/Used | Mileage | Year and Make | Model | Vehicle Identification Number | Use For Which Purchased |
|---|---|---|---|---|---|
| New | 2 | 2017 Ford | Explorer | 1FM5K7DH4HGD53669 | Personal use unless otherwise checked below<br>☐ Commercial<br>☐ Agricultural |

Trade-In: Year __2016__ Make __Toyota__ Model __Avalon__
VIN __4T1BK1EB7GU242334__ License No. _____

**ITEMIZATION OF AMOUNT FINANCED**

1. Cash Sale Price (including any accessories, services, and taxes
   N/A $ N/A  N/A $ N/A
   N/A $ N/A  and N/A $ N/A) .......................................................... $ 40,578.73 (1)
2. Total Downpayment = (if negative, enter "0" and see Line 4.A. below)
   Gross trade-in..................................................................$ 68,000.00
   − payoff by seller.............................................................$ 72,875.12
   − cash paid to buyer for trade in.....................................$ N/A
   = net trade-in..................................................................$ −4,875.12
   + cash..............................................................................$ N/A
   + Third Party Rebate Assigned to Creditor......................$ 1,000.00
   + N/A...............................................................................$ N/A
   Total downpayment......................................................................................$ 0.00 (2)
3. Unpaid balance of cash price (1 minus 2) ............................................................. $ 40,578.73 (3)
4. Other charges including amounts paid to others on your behalf (Seller may keep part of these amounts.):
   A. Net trade-in payoff to TOYOTA MOTOR CREDIT ........................................ $ 3875.12
   B. Cost of optional credit insurance paid to insurance company or companies
      Life _____ $ N/A
      Disability _____ $ N/A .............................................................. $ N/A
   C. Other insurance paid to the insurance company............................................ $ N/A
   D. Official fees paid to government agencies................................................... $ N/A
   E. Debt Cancellation Agreement Fee Paid to Seller............................................ $ 850.00
   F. Dealer's inventory tax (if not included in cash price)..................................... $ 79.83
   G. Sales tax (if not included in cash price)....................................................... $ N/A
   H. Other taxes (if not included in cash price)................................................... $ N/A
   I. Government license and/or registration fees................................................ $ 152.50
   J. Government certificate of title fee................................................................ $ 28.00
   K. Government vehicle inspection fees............................................................. $ 23.50
   L. Deputy Service fee paid to dealer.................................................................. $ N/A
   M. Documentary Fee. A documentary fee is not an official fee. A documentary fee is not required by law, but may be charged to buyers for handling documents relating to the sale. A documentary fee may not exceed a reasonable amount agreed to by the parties. This notice is required by law.
      Spanish Translation: Un cargo documental no es un cargo oficial. La ley no exige que se imponga un cargo documental. Pero este podría cobrarse a los compradores por el manejo de la documentación en relación con la venta. Un cargo documental no puede exceder una cantidad razonable acordada por las partes. Esta notificación se exige por ley.
      To Amarillo I-40 Motors, LP _____ for Documentary Fee............................... $ 150.00
   N. Other charges (Seller must identify who is paid and describe purpose)
      to State _____ for Plate Transfer Fee _____ $ 5.00
      to Ethos Group _____ for Service Contract _____ $ 2,925.00
      to N/A _____ for N/A _____ $ N/A
      to N/A _____ for N/A _____ $ N/A
      to N/A _____ for N/A _____ $ N/A
      to N/A _____ for N/A _____ $ N/A
      to N/A _____ for N/A _____ $ N/A
      to N/A _____ for N/A _____ $ N/A
      to N/A _____ for N/A _____ $ N/A
      to N/A _____ for N/A _____ $ N/A
   Total other charges and amounts paid to others on your behalf..................................... $ 8,088.95 (4)
5. Amount Financed (3 + 4)..................................................................................... $ 48,667.68 (5)

**LIABILITY INSURANCE**
**THIS CONTRACT DOES NOT INCLUDE INSURANCE COVERAGE FOR PERSONAL LIABILITY AND PROPERTY DAMAGE CAUSED TO OTHERS.**

e-17642-SI (APR 17)
e-17642-B-SI                               Page 2 of 7

**PROPERTY INSURANCE:** You must keep the collateral insured against damage or loss in the amount you owe. You must keep this insurance until you have paid all that you owe under this contract. You may obtain property insurance from anyone you want or provide proof of insurance you already have. The insurer must be authorized to do business in Texas.

You agree to give us proof of property insurance. You must name us as the person to be paid under the policy in the event of damage of loss.

If any insurance is included below, policies or certificates from the insurance company will describe the terms, conditions and deductibles.

*Optional credit life and credit disability insurance.*
Credit life insurance and credit disability insurance are not required to obtain credit. They will not be provided unless you sign and agree to pay the extra cost. Your decision to buy or not buy these insurance coverages will not be a factor in the credit approval process.

| | | |
|---|---|---|
| ☐ Credit Life, one buyer | $ N/A | Term N/A |
| ☐ Credit Life, both buyers | $ N/A | Term N/A |
| ☐ Credit Disability, one buyer | $ N/A | Term N/A |
| ☐ Credit Disability, both buyers | $ N/A | Term N/A |

N/A
(Insurance Company)

Credit life insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance does not cover any increase in your payment or in the number of payments.
If the term of the insurance is 121 months or longer, the premium is not fixed or approved by the Texas Insurance Commissioner.

*Balloon payment contracts:* Credit Life Insurance is for the scheduled term of this contract. Credit Disability Insurance covers the first __N/A__ payments and does not cover the last scheduled payment.
You want the insurance indicated above.

Buyer's Signature: **A** _____N/A_____
Co-Buyer's Signature: **A** _____N/A_____

*Debt cancellation agreement.* The granting of credit will not be dependent on the purchase of the debt cancellation agreement described below. It will not be provided unless you sign and agree to pay the extra cost. The credit approval process will not be affected by whether or not you buy the debt cancellation agreement.

| Debt Cancellation Agreement** | 72 | $ 850.00 |
|---|---|---|
| | Term in Months | Premium or Fee |

N/A
(Insurance Company)

**WE WILL CANCEL CERTAIN AMOUNTS YOU OWE UNDER THIS CONTRACT IN THE CASE OF A TOTAL LOSS OR THEFT OF THE VEHICLE AS STATED IN THE DEBT CANCELLATION AGREEMENT.

You can cancel the debt cancellation agreement without charge for a period of 30 days from the date of this contract, or for the period stated in the debt cancellation agreement, whichever period ends later.

A debt cancellation agreement is not insurance and is regulated by the Office of Consumer Credit Commissioner.

*You want the debt cancellation agreement for which the premium or fee is included above.*

Buyer's Signature: **B** _[signature]_
Co-Buyer's Signature: **B** _____N/A_____

**Anti-Theft Product (Optional)**
The purchase of anti-theft product(s) is optional and not required to obtain credit, even if the product(s) is already installed on the vehicle you selected. You may purchase anti-theft product(s) from the person of your choice. By signing below, you agree to purchase the anti-theft product(s) at the price disclosed.

| | | |
|---|---|---|
| N/A | $ N/A | Term N/A |
| N/A | $ N/A | Term N/A |
| N/A | $ N/A | Term N/A |

**C** _____N/A_____
Buyer Signs

e-17642-SI (APR 17)
e-17642-B-SI                                                    Page 3 of 7

T166742324-DP166742325 - This copy was created on Sat Aug 26 02:28:09 GMT 2017

## ADDITIONAL AGREEMENTS

**A. Payments:** You must make all payments in U.S. funds when they are due. If you pay off your contract early, you will not have to pay a penalty. This is a simple finance charge contract.

**1. How Finance Charge is Calculated:** Creditor figures the Finance Charge using the true daily earnings method as designed by the Texas Finance Code. Under the true daily earnings method, the Finance Charge will be figured by applying the daily rate to the unpaid portion of the Amount Financed for the number of days the unpaid portion of the Amount Financed is outstanding. The daily rate is 1/365th of the Annual Percentage Rate. The unpaid portion of the Amount Financed does not include late charges or return check charges.

**2. How Your Payments will be Applied:** Creditor will apply your payments in the following order:
1. earned but unpaid finance charge; and
2. to anything else you owe under this contract.

**3. How Late or Early Payments Change What You Must Pay:** The Finance Charge, Total of Payments, and Total Sale Price are based on the assumption that you will make all payments as scheduled. If you do not timely make all your payments in at least the correct amount, you will have to pay more Finance Charge and your last payment will be more than your last scheduled payment. If you make scheduled payments early, your Finance Charge will be reduced (less). If you make your scheduled payments late, your Finance Charge will increase.

**B. Balloon Payment Contracts:** If your last installment payment under this contract is a balloon payment, you may handle the last installment payment in one of three ways.

First, you may pay all that you owe when the last installment payment is due and keep your motor vehicle.

Second, you may refinance the last installment payment unless you are in default under this contract. If the Creditor has advanced funds to cure any default, you must pay back the Creditor before the refinancing. You must also provide proof of insurance acceptable to Creditor before the refinancing. The terms of the refinancing will be as follows: (i) If the vehicle is described in this contract as new, you can refinance at an annual percentage rate up to 5 points greater than the Annual Percentage Rate shown in this contract. The rate will not be more than applicable law allows. The new agreement will allow you to refinance the last installment for at least 24 months with equal monthly payments. Creditor and you can also agree to refinance the last installment over another time period or on a different payment schedule.
(ii) If the vehicle is described in this contract as used, you can enter into a new written agreement to refinance the last installment payment when due without a refinancing fee. If you refinance the last installment payment, your periodic payment will not be larger or more often than the payments in this contract. The annual percentage rate in the new agreement will not be more than the Annual Percentage Rate in this contract. The provision does not apply if your Payment Schedule has been adjusted to your seasonal or irregular income. If you wish to refinance, you must notify the Creditor in writing. Except as discussed in this section, the notice must be received no later than 30 days prior to the last installment payment due date. Third, you may transfer ownership of the vehicle to the Creditor in satisfaction of the last installment payment. You must pay to the Creditor a $475 Disposal Fee and any other amount owed under this contract. Amounts you owe will be based, in part, on the vehicle's mileage. You also must pay to the Creditor the estimated costs of all repairs to the vehicle that are the result of excess wear and use, as set forth below. You must take the vehicle to a place selected by the Creditor for inspection no later than 15 days prior to the last installment payment due date. After the inspection, if you decide to transfer ownership of the vehicle to the Creditor, you must give the vehicle to the Creditor no later than the last installment payment due date. At that time, you must also give the Creditor a title, which shows no liens other than the Creditor's lien, transferring ownership to the Creditor or a person selected by the Creditor. You must also provide other documents as needed. Afterwards, if you decide not to transfer ownership of the vehicle, you must immediately inform the Creditor if you want to refinance the last installment payment.

**C. Damage Repair:** If your last installment payment under this contract is a balloon payment and you transfer ownership of the vehicle to the Creditor under Paragraph B, You are responsible for all repairs to the vehicle that are not the result of normal wear and use. These repairs include, but are not limited to those necessary to repair or replace: (a) Tires that have sidewall damage/plugs, exposed cords/belts, or are unmatched for vehicle or unsafe; (b) Electrical or Mechanical defects or malfunctions; (c) Glass, Paint, Body Panels, Trim and Grill Work that are broken, mismatched, chipped, scratched, pitted, cracked, or if applicable, dented; (d) Interior rips, stains, burns or damaged areas; (e) Replacement of any missing equipment or parts that were in or on the vehicle when delivered; and (f) All damage which would be covered by collision or comprehensive insurance whether or not such insurance is actually in force. Replacement of Sheet Metal and all other repairs must be made with Original Equipment Manufacturer parts. Your use or repair of the vehicle must not invalidate any warranty. You will owe the estimated costs of such repairs unless repairs are made at your expense prior to the transfer of ownership of the vehicle to the Creditor. You will maintain the odometer of the vehicle so that it always reflects the vehicle's actual mileage. If the odometer is at any time inoperative, You will provide reasonable evidence of the vehicle's actual mileage. If you are unable to do so, You will pay us our estimate of any reduction of the vehicle's wholesale value caused by the inability to determine the vehicle's actual mileage.

**E. WAIVER IF NOTICE IF INTENT TO ACCELERATE AND NOTICE OF ACCELERATION:** You give up (waive) your common law rights to receive notice of intent to accelerate and notice of acceleration. This means that you give up the right to receive notice that we intend to demand that you pay all that you owe on the contract at once (accelerate), and notice that we have accelerated.

**F. Use and Care of Motor Vehicle:** You must take care of the vehicle and obey all laws in using it. You will not sell or transfer the motor vehicle without Creditor's written permission. If you do sell or transfer the motor vehicle, this will not release your from your obligations under this contract, and Creditor may charge you a transfer of equity fee of **$25.00 ($50 for a heavy commercial vehicle).** You must keep it free from the claims of others. If a third party takes a lien or claim against or possession of the motor vehicle, Creditor may pay the third party any cost required to free the motor vehicle from all liens or claims. Any amount paid by Creditor to the third party will be added to the amount you owe. You will not use or permit the use of the vehicle outside of the United States, except for up to 30 days in Canada or Mexico, without the prior written consent of the Creditor.

**G. Seller's Disclaimer's of Warranties:** If the vehicle is of a type normally used for personal use and the Creditor, or the vehicle's manufacturer, extends a written warranty or service contract covering the vehicle within 90 days from the date of this contract, you get implied warranties of merchantability and fitness for a particular purpose covering the vehicle. Otherwise, you understand and agree that there are no such implied warranties, except as provided by state law.

**H. Agreement to Keep Motor Vehicle Insured:** You must insure yourself and the Creditor against loss or damage to the vehicle. The insurance must cover loss due to collision, fire, and theft. The insurance must be for the actual cash value of the vehicle. A $100 deductible is required unless the Creditor approves another amount. The type and amount of insurance must be approved by the Creditor. **Whether of not the vehicle is insured, you must pay for it if it is lost, damaged, or destroyed. The insurer must be authorized to do business in Texas.**

**I. Physical Damage Insurance Proceeds:** You must use physical damage insurance proceeds to repair the motor vehicle, unless Creditor agrees otherwise in writing. However, if the motor vehicle is a total loss, you must use the insurance proceeds to pay what you owe the Creditor. You agree that the Creditor can use any proceeds from insurance to repair the motor vehicle, or the Creditor may reduce what you owe under this contract. If your insurance on the motor vehicle or credit insurance doesn't pay all you owe, you must pay what is still owed. If we apply insurance proceeds to the amount you owe, they will be applied to your payments in the reverse order of when they are due. Once all amounts owed under this contract are paid, any remaining proceeds will be paid to you.

**J. Returned Insurance Premiums and Service Contract Charges:** This contract may contain charges for insurance or service contracts or for services included in the cash price. You agree that the Creditor can claim benefits under these contracts and unless prohibited by law, terminate them to obtain refunds of unearned charges to reduce what you owe or repair the motor vehicle. If the Creditor gets a refund on insurance or service contracts, or other contracts included in the cash price, the Creditor will subtract it from what you owe. Once all amounts owed under this contract are paid, any remaining refunds will be paid to you.

**K. Returned Check Charge:** You agree to pay a returned check charge of $___30___ for each check, draft, electronic payment, or other payment device that is dishonored for any reason.

**L. Default:** You will be in default if:
1. You do not make a payment when it is due; or
2. You gave false or misleading information on your credit application relating to this contract; or
3. Your vehicle is seized by any local, state, or federal authority and is not promptly and unconditionally returned to you; or
4. You file a bankruptcy petition or one is filed against you; or
5. You do not keep any other promise in this contract.

If you default, Creditor can exercise Creditor's rights under this contract and Creditor's other rights under the law.

**M. Repossession:** If you default, the Creditor may require you to pay at once the unpaid Amount Financed, the earned and unpaid part of the Finance Charge, and all other amounts due under this contract without prior notice or demand. Creditor may repossess (take back) the vehicle, so long as the repossession is handled peacefully. The Creditor may also take goods found in or on the vehicle when repossessed and hold them for you if Creditor sends written notice of the taking to you at your last known address within 15 days of the discovery of the goods by Creditor. If you do not ask for these items back within 31 days from the day Creditor mails or delivers the notice to you, Creditor may dispose of them as applicable law allows. Any accessory, equipment, or replacement part stays with the motor vehicle.

**N. Your Right to Redeem:** If the vehicle is taken back, Creditor will send you a notice. The notice will say that you may redeem (buy back) the vehicle, and will explain how to redeem the vehicle. You may redeem the vehicle up to the time the Creditor sells it or agrees to sell it. If you do not redeem the vehicle, it will be sold.

**O. Disposition of the Motor Vehicle:** If the vehicle is taken back and sold, the money from the sale, less the allowable expenses, will be used to pay the amount still owed on the contract. Allowable expenses are those paid as a direct result of having to retake the vehicle, hold it, prepare it for sale, and sell it. Reasonable lawyers' fees, if the lawyer is not an employee of the Creditor and legal costs are allowed, too. If there is any money left (surplus), it will be paid to you unless Creditor must pay it to someone else. If the money from the sale is not enough to pay off this contract and costs, you will pay what is still owed to the Creditor. If you do not pay this amount when the Creditor asks, the Creditor may charge you interest at the highest lawful rate until you pay.

**P. Collection Costs:** You must pay any legally permitted expenses related to enforcing this contract, including collection expenses, lawyers fees (if the lawyer is not an employee of the Creditor) and other legal expenses.

**Q. Consumer Reports:** You authorize the Assignee to obtain consumer credit reports from consumer reporting agencies (credit bureaus) for any reason and at any time in connection with this contract.

**R. Servicing and Collection:** You agree that Creditor, Creditor's affiliates, agents and service providers may monitor and record telephone calls regarding your account to assure the quality of our service or for other reasons. You also expressly consent and agree that Creditor, Creditor's affiliates, agents and service providers may use written, electronic or verbal means to contact you. This consent includes, but is not limited to, contact by manual calling methods, prerecorded or artificial voice messages, text messages, emails, and/or automatic telephone dialing systems. You agree that Creditor, Creditor's affiliates, agents and service providers may use any email address or any telephone number you provide, now or in the future, including a number for a cellular phone or other wireless device, regardless of whether you incur charges as a result.

**S. Applicable Law:** You agree that this contract will be governed by the laws of the state of Texas.

**T. General:** This contract contains the entire agreement between Creditor and you relating to the sale and financing of the motor vehicle. If any part of this contract is not valid, all other parts stay valid. If the Creditor doesn't enforce Creditor's rights every time, Creditor can still enforce them later. Creditor will exercise of all Creditor's rights in a lawful way.

Buyer acknowledges and accepts assignment of this contract to the Assignee (and any successor to Assignee). Buyer also consents to any subsequent assignment of this contract, and accepts this provision as notice of any such assignment, by Assignee or anyone else without further notice to Buyer. This consent and notice specifically includes any assignment of the security interest in the vehicle financed pursuant to this contract.

**U. Electronic Records and Signatures and Conversion to Paper:** You agree to use electronic records and electronic signatures to document this contract. Your electronic signatures will have the same effect as signatures on a paper contract.

There will be one authoritative copy of this contract. It will be the electronic copy in a document management system the Creditor designates for storing it.

The Creditor may convert that authoritative copy to a paper original. The Creditor will do so by printing one paper copy marked "Original." This paper original will have your electronic signature on it. It will have the same effect as if you had signed it originally on paper.

### FTC NOTICES

**NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**Used Motor Vehicle Buyers Guide.** If you are buying a used vehicle with this contract, federal regulations may require a special Buyers Guide to be displayed on the window of the vehicle. **THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

**Spanish Translation:** Guia para compradors de vehiculos usados. **LA INFORMACION QUE APARECE EN LA VENTANILLA DE ESTE VEHICULO FORMA PARTE DE ESTE CONTRATO. LA INFORMACION CONTENIDA EN EL FORMULARIO DE LA VENTANILLA ANULA CUALQUIER PREVISION QUE ESTABLEZCA LO CONTRARIO Y QUE APAREZCA EN EL CONTRATO DE VENTA.**

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

Any change to this contract must be in writing. Both you and we must sign it. No oral changes to this contract are enforceable.

Buyer Signs  X D *[signature]*

Co-Buyer Signs  X D N/A

The Annual Percentage Rate may be negotiated with the Seller. The Seller may assign this contract and may retain its right to receive a portion of the Finance Charge.

**CONSUMER WARNING**
NOTICE TO THE BUYER - DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. YOU ARE ENTITLED TO A COPY OF THE CONTRACT YOU SIGN. UNDER THE LAW YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE ALL THAT YOU OWE AND UNDER CERTAIN CONDITIONS MAY SAVE A PORTION OF THE FINANCE CHARGE. YOU WILL KEEP THIS CONTRACT TO PROTECT YOUR LEGAL RIGHTS.

**BUYER'S ACKNOWLEDGEMENT OF THE CONTRACT RECEIPT**
YOU AGREE TO THE TERMS OF THIS CONTRACT AND ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF IT. YOU CONFIRM THAT BEFORE YOU SIGNED THIS CONRACT, WE GAVE IT TO YOU, AND YOU WERE FREE TO TAKE IT AND REVIEW IT.

X E *[signature]*   Date 08/25/2017   X E N/A   Date N/A
Buyer Signs                              (Co) Buyer Signs

X  Amarillo I-40 Motors, LP   By F *[signature]*   Title Finance Mana   Date 08/25/2017
Seller Signs

**THIS CONTRACT IS NOT VALID UNTIL YOU AND CREDITOR SIGN IT.**

**GUARANTY**
Guarantor hereby guarantees the collection of the above described amount upon failure of the Seller named herein to collect said amount from the Buyer named herein.

Guarantor N/A   Address N/A

Guarantor N/A   Address N/A

Seller will assign this contract electronically to _____ Ford Motor Credit Company _____ ("Assignee"). That Assignee will then have all the Seller's rights, privileges, and remedies.

OCCC NOTICE: For questions or complaints about this contract, contact Assignee, at 1-800-727-7000, visit the website at www.fordcredit.com, or write to them at P.O. Box 542000, Omaha, NE 68154-8000.

The Office of Consumer Credit Commissioner (OCCC) is a state agency, and it enforces certain laws that apply to this contract. If a complaint or question cannot be resolved by contacting the creditor, consumers can contact the OCCC to file a complaint or ask a general credit-related question. OCCC address: 2601 N. Lamar Blvd., Austin, Texas 78705. Phone: (800) 538-1579. Fax: (512) 936-7610. Website: occc.texas.gov. Email: consumer.complaints@occc.texas.gov.

Seller _____ Amarillo I-40 Motors, LP _____ By G *[signature]* _____ Title Finance Manager

Upon sale of this vehicle, the purchaser must apply for a new title within 30 days unless the vehicle is purchased by a dealer. Until a new title is issued, the vehicle record will continue to reflect the owner's name listed on the current title. SEE BACK OF TAB FOR ADDITIONAL INFORMATION.

FORD MOTOR CREDIT COMPANY
PO BOX 105704
ATLANTA, GA 30348-5704

▼ DETACH HERE ▼

## TEXAS CERTIFICATE OF TITLE

TxDMV

TEXAS DEPARTMENT OF MOTOR VEHICLES

**135906751**

| VEHICLE IDENTIFICATION NUMBER | YEAR MODEL | MAKE OF VEHICLE | BODY STYLE |
|---|---|---|---|
| 1FM5K7DH4HGD53669 | 2017 | FORD | LL |

| TITLE/DOCUMENT NUMBER | DATE TITLE ISSUED |
|---|---|
| 19131442981083136 | 09/13/2017 |

MODEL / MFG. CAPACITY IN TONS / WEIGHT 4400 / LICENSE NUMBER

PREVIOUS OWNER
TRISTATE FORD AMARILLO TX

OWNER
RENA L PATTON
20251 RAINTREE LN
CANYON, TX 79015

ODOMETER READING: 6
REMARKS: ACTUAL MILEAGE

X _____
SIGNATURE OF OWNER OR AGENT MUST BE IN INK

UNLESS OTHERWISE AUTHORIZED BY LAW, IT IS A VIOLATION OF STATE LAW TO SIGN THE NAME OF ANOTHER PERSON ON A CERTIFICATE OF TITLE OR OTHERWISE GIVE FALSE INFORMATION ON A CERTIFICATE OF TITLE.

DATE OF LIEN: 08/25/2017
1ST LIENHOLDER: FORD MOTOR CREDIT COMPANY
PO BOX 105704
ATLANTA, GA 30348-5704

1ST LIEN RELEASED _____ DATE _____
BY _____ AUTHORIZED AGENT

DATE OF LIEN: 2ND LIENHOLDER:
2ND LIEN RELEASED _____ DATE _____
BY _____ AUTHORIZED AGENT

DATE OF LIEN: 3RD LIENHOLDER:
3RD LIEN RELEASED _____ DATE _____
BY _____ AUTHORIZED AGENT

IT IS HEREBY CERTIFIED THAT THE PERSON HEREIN NAMED IS THE OWNER OF THE VEHICLE DESCRIBED ABOVE WHICH IS SUBJECT TO THE ABOVE LIENS.

RIGHTS OF SURVIVORSHIP AGREEMENT
WE, THE MARRIED PERSONS WHOSE SIGNATURES APPEAR HEREIN, HEREBY AGREE THAT THE OWNERSHIP OF THE VEHICLE DESCRIBED ON THIS CERTIFICATE OF TITLE SHALL FROM THIS DAY FORWARD BE HELD JOINTLY, AND IN THE EVENT OF DEATH OF ANY OF THE PERSONS NAMED IN THE AGREEMENT, THE OWNERSHIP OF THE VEHICLE SHALL VEST IN THE SURVIVOR(S).

SIGNATURE _____ DATE _____
SIGNATURE _____ DATE _____
SIGNATURE _____ DATE _____

FORM 30-C REV. 05/2016    DO NOT ACCEPT TITLE SHOWING ERASURE, ALTERATION, OR MUTILATION.